# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| MARLON J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-182 |
| | ) | |
| MSC SHIP MANAGEMENT, LTD, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Magistrate Judge granted, in part, and denied, in part, both Defendants' Motion to Exclude Plaintiff's expert Joesph Crosson and Defendants' Motion to Exclude Plaintiff's expert Katharine Sweeney. *See* doc. 64. Plaintiff has objected to portions of that Order, doc. 65, and Defendants have responded in opposition to those objections, dkt. no. 68. For the reasons that follow, Plaintiff's objections are **OVERRULED**, and the portions of the Magistrate Judge's Order disposing of Defendants' Motions are **AFFIRMED**.

The Magistrate Judge also granted, in part, and denied, in part, Plaintiff's Motion to Exclude Defendants' expert Marc Fazioli. Doc. 64.

Neither Plaintiff nor Defendants have objected to that disposition, and the deadline to do so has passed.  *See* 28 U.S.C. § 636(b)(1)(C); *see generally* doc. 65; *see also generally* docket.  Therefore, the portions of the Magistrate Judge's Order disposing of Plaintiff's Motion are likewise **AFFIRMED**.

### Standard of Review

The Magistrate Judge's Order is subject to a deferential standard of review.  The statute governing referrals to a magistrate judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. §636(b)(1)(A).  When considering the parties' objections to the Magistrate Judge's ruling on non-dispositive matters, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Stewart v. Johnson*, 2021 WL 6752312, at *1 (S.D. Ga. Aug. 10, 2021) (finding a motion to exclude

to be a non-dispositive pretrial evidentiary motion, even where it will have some effect on the outcome of the matter).    Otherwise, the Magistrate Judge's ruling stands.

"A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, 'is left with a definite and firm conviction that a mistake has been made.'" *Jackson v. Deen*, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).    A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." *Id.*    Put simply, the Eleventh Circuit has recognized that "[c]lear error is a highly deferential standard of review," which "does not entitle a reviewing court to reverse . . . simply because it is convinced that it would have decided the case differently." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350-51 (11th Cir. 2005).

## Analysis

Plaintiff's objections center around the Magistrate Judge's application of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) to the opinions of Plaintiff's

experts Joseph Crosson and Katharine Sweeney. *See* doc. 65 at 7-19. As the Magistrate Judge's Order explains, "Federal Rule of Evidence 702 compels the Court to act as a 'gatekeeper' for expert evidence." Doc. 64 at 2 (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). Consistent with that requirement, the Magistrate Judge considered whether Plaintiff, as the party offering the experts, had shown by a preponderance of evidence that the experts were qualified and that their opinions were reliable and helpful. *Id.* at 2-6 (citing *Frazier*, 387 F.3d at 1260; *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999)). Plaintiff has not identified any clear error in the Magistrate Judge's articulation of the governing legal standard. *See generally* doc. 65. Therefore, the Court turns to the specific objections related to each expert.

### a. Joseph Crosson

Crosson offered the following opinions in this matter:

The treads on the lower five steps of the gangway exhibited a degree of wear which was inconsistent with the level of wear on the upper portion. Some degree of paint blistering and rust

> stains were also evident on the lower section steel step treads
> – indications of disrepair.
>
> The treads on the steps of the upper gangway section would
> offer greater slip resistance as compared to the treads on the
> lower steps.
>
> The lower five steps of the gangway did not have a handrail
> on either side of the gangway

Doc. 64 at 7 (citing doc. 29-6 at 5-6). The Magistrate Judge excluded the portion of his opinion discussing "indications of disrepair" ("disrepair opinion") as irrelevant and unduly prejudicial because Crosson admitted during his deposition that the rust on the gangway was immaterial to Plaintiff's outcome. *Id.* at 16-17. The Magistrate Judge also excluded Crosson's opinion about the location of the end of the handrail ("handrail opinion") as unhelpful because it does not reach matters "beyond the understanding of the average lay person." *Id.* at 17-18 (citing *Frazier*, 387 F.3d at 1262). Plaintiff argues that both exclusions were clearly erroneous applications of the law. Doc. 65 at 7-11.

Plaintiff argues that the Magistrate Judge improperly excluded Crosson's disrepair opinion as irrelevant given the low threshold for relevancy under the Federal Rules of Evidence. Doc. 65 at 9. Plaintiff asserts that this opinion is relevant in two different ways. First, he states

that Crosson's observation is admissible because it will assist the trier of fact in understanding the facts already in the record, even if all it does is put those facts in context. *Id.* at 9-10. The Magistrate Judge considered this argument, and determined that any marginal relevancy of Crosson's opining about the "general disrepair" of the gangway was outweighed by its prejudice, especially where Crosson himself admitted it was "immaterial." *See* doc. 64 at 16-17. Plaintiff has not shown how the Magistrate Judge's conclusion was clearly erroneous or contrary to law. Additionally, Plaintiff has failed to demonstrate *what* additional context Crosson may provide a jury with this opinion. *See generally* doc. 65.

Next, Plaintiff raises, for the first time in any of his briefing, the argument that the disrepair evidence is independently relevant to the issues of foreseeability and breach. Doc. 65 at 10. "In addressing objections, it is within the district court's discretion whether or not to consider an argument that was not presented to the Magistrate Judge." *Greene v. Bd. of Regents of Univ. Sys. of Georgia*, 742 F. Supp. 3d 1271, 1279 (N.D. Ga. 2024) (citing *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009)). The Court declines to consider Plaintiff's late-asserted argument at this stage. In their original Motion, Defendants argued that

Crosson's disrepair opinion should be excluded because he had admitted that the disrepair had nothing to do with the subject incident. Doc. 29 at 17-18. Importantly, Defendants' Reply Brief makes clear that Plaintiff did not address this argument in his Response, beyond observing that relevancy is broadly defined. Doc. 46 at 9-10. Even with such notice, Plaintiff failed to provide a particularized basis for the relevancy of this opinion in either of its filings. *See* docs. 40 & 57. Plaintiff had ample opportunity to clarify the relevancy of this opinion in his responsive filings and did not. The Magistrate Judge's determination that Crosson's disrepair opinion was irrelevant, prejudicial, and thus unhelpful is not clearly erroneous or contrary to law.

As for the handrail opinion, Plaintiff again asserts that Crosson's observations will help the jury understand the evidence in context and that it was clearly erroneous for the Magistrate Judge to exclude this opinion. Doc. 65 at 11-12. Again, Plaintiff has failed to demonstrate what additional context Crosson can provide that a layperson does not already understand and has not identified any clear error in the Magistrate Judge's analysis. *See generally* doc. 65. His objections are, therefore,

**OVERRULED** and the Magistrate Judge's exclusion of Crosson's disrepair and handrail opinions is **AFFIRMED**. Doc. 64, in part.

### b. Katharine Sweeney

The Magistrate Judge excluded portions of Sweeney's testimony regarding the design or manufacturing of the gangway; what Plaintiff, or any longshoreman, would have noticed; how different handrails would have prevented Plaintiff's fall; the grip or friction of the gangway; and who retained control of the gangway. Doc. 64 at 37. Plaintiff objects to the exclusion of each opinion except for Sweeney's opinion on control of the gangway. Doc. 65 at 12-19. However, none of the objections carries the burden under the deferential standard of review.

Plaintiff first argues that the Magistrate Judge clearly erred or acted contrary to law by enforcing the qualifications requirement too narrowly. Doc. 65 at 12. Specifically, Plaintiff asserts that "[a]ny of the qualms regarding Captain Sweeney's qualifications go to weight, rather than admission, and it is contrary to law or clearly erroneous to require more for the purposes of admissibility here." *Id.* at 15. This reading of the law is incorrect as it would eliminate this Court's essential role as "gatekeeper" for expert evidence. *See Frazier*, 387 F.3d at 1260 (citing

*Daubert*, 509 U.S. at 589 n. 7, 597). There is no disputing that "[a] witness's qualifications must correspond to the subject matter of [her] proffered testimony." *Evanston Ins. Co. v. Xytex Tissue Servs., LLC*, 378 F. Supp. 3d 1267, 1278 (S.D. Ga. 2019) (internal citation and quotations omitted). While Sweeney certainly has extensive experience in some areas, the Magistrate Judge appropriately found that her background and experience did not always correspond to the subject matter of her opinions. Doc. 64 at 20-26. Simply restating Sweeney's qualifications as a mariner and marine safety consultant, doc. 65 at 12-14, and asking the Court to view them differently than did the Magistrate Judge is not sufficient to meet the deferential standard of review.

Plaintiff also repeatedly implies that, when analyzing Sweeney's opinions, the Magistrate Judge improperly compared her opinions to those of the Defendants' expert witness Marc Fazioli. Doc. 65 at 12-13, 14, 15-16. Although Plaintiff is correct that the relative persuasiveness of competing experts should not factor into the Court's gatekeeper role, *see, e.g., Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1293 n.7 (11th Cir. 2005) ("A district court may not exclude an expert because it believes one expert is more persuasive than another expert."), at no point did the Magistrate

Judge compare the two experts in any way.[1]  *See generally* doc. 64. Rather, the Magistrate Judge independently evaluated each experts' qualifications, reliability, and helpfulness in the context of their offered opinions.  *Id.*  Just because the opposing party put forth an expert with similar qualifications and methodologies who fared better under the Magistrate Judge's scrutiny, it does not necessarily follow that the Magistrate Judge improperly compared the two.  The Magistrate Judge did not clearly err or act contrary to law when he excluded Sweeney's opinions on qualifications grounds.   Those decisions are, therefore, **AFFIRMED.**

Plaintiff also claims that the Magistrate Judge too narrowly sliced the methodological requirements when reviewing Sweeney's opinions. Doc. 65 at 17.  Plaintiff suggests that Sweeney's "visual examination and considering evidence like video and statements" is not only sufficient to survive *Daubert* scrutiny, but that excluding an expert employing such methodologies is contrary to law.  *Id.*  Even if Plaintiff were correct, the only opinion excluded on methodology grounds was Sweeney's opinion

---

[1] Plaintiffs tellingly do not identify a single time where the Magistrate Judge made *any* comparison between the two witnesses.  *See generally* doc. 65.

regarding the slip resistance of the gangway, which was also excluded on qualifications grounds. Doc. 64 at 26. Having affirmed that portion of the Magistrate Judge's Order, any argument that the opinion is based on sound methodology is moot.

For the forgoing reasons, the entirety of the Magistrate Judge's Order, doc. 64, is **AFFIRMED**.

**SO ORDERED**, this 12th day of June, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA